IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

WILMER SANTIAGO-RUIZ,

        Plaintiff

          v.

MICHAEL J. ASTRUE, Commissioner
of Social Security,

        Defendant

CIVIL NO. 05-2270 (JP)

## OPINION AND ORDER

This is an action brought under Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), as amended, to review a final determination of the Commissioner of Social Security ("the Commissioner") denying Plaintiff disability insurance benefits. After reviewing the parties' filings, the record as a whole, and the applicable law, the Court hereby **VACATES** the determination of the Commissioner and **REMANDS** the case for further proceedings consistent with this Opinion and Order.

## I.   INTRODUCTION

Plaintiff Wilmer Santiago-Ruiz ("Plaintiff" or "Claimant") filed an application for disability insurance benefits ("DIB") on November 18, 2002, alleging disability since February 12, 1996. The disability onset date was later amended to June 19, 1998 (Tr. 418, 431-32). Plaintiff's 2002 claim was denied, reconsidered, and denied again. On March 12, 2003 Plaintiff filed a request for

CIVIL NO. 05-2270 (JP)           -2-

a hearing.  On December 8, 2003 the Administrative Law Judge ("ALJ") dismissed this request based on *res judicata*.  Plaintiff appealed the dismissal and the Appeals Council affirmed the ALJ's decision.  On December 8, 2005, Plaintiff filed a complaint with this Court requesting review of the dismissal.  On May 30, 2006 the Commissioner filed a motion to remand the case when he noticed that Plaintiff was eligible for DIB until June 30, 2000 and that the period from April 14, 1998 to June 30, 2000 had not yet been litigated (Tr. 434).  The Appeals Council granted the remand request and a de novo hearing was held on December 11, 2006.  On January 31, 2007, the presiding ALJ issued a decision finding that Plaintiff was not disabled during the period at issue because, after considering his residual functioning capacity ("RFC") together with his age, education, and past work experience, Plaintiff was capable of performing jobs that existed in significant numbers in the national economy (Tr. 426).  The Appeals Council denied review of the ALJ's decision making the decision of the ALJ the final decision of the Commissioner subject to judicial review by this Court (Tr. 409).

Plaintiff was 46 years old when his disability insurance expired and had the equivalence of a high school education (Tr. 424, 443).  Plaintiff had worked as a farm laborer and as a driver for a construction company (Tr. 424, 444).  The Vocational Expert ("VE") testified that Plaintiff's past relevant work had been performed at no less than the medium exertional level (Tr. 434).  Plaintiff has

CIVIL NO. 05-2270 (JP)          -3-

not engaged in any gainful activity since April 12, 1996
(Tr. 421, 431). Plaintiff claims that Defendant has not supported
his determination that Plaintiff is not disabled with substantial
evidence on the record (Tr. 463).

## II.  <u>STANDARD OF REVIEW</u>

The Commissioner, not this Court, is charged with the duty of
weighing the evidence and resolving material conflicts in the
testimony. <u>Richardson v. Perales</u>, 402 U.S. 389, 400 (1971); <u>González
García v. Sec'y of Health and Human Servs.</u>, 835 F.2d 1, 3
(1st Cir. 1987). In reviewing the Plaintiff's appeal, the Court does
not make a de novo determination. <u>Lizotte v. Sec'y of Health
and Human Servs.</u>, 654 F.2d 127, 128 (1st Cir. 1981). Instead, the
Court "must affirm the Commissioner's resolution, even if the record
arguably could justify a different resolution, so long as it is
supported by substantial evidence." <u>Rodríguez Pagán v. Sec'y of
Health and Human Servs.</u>, 819 F.2d 1, 3 (1st Cir. 1987).

## III.  <u>THE AGENCY'S FINDINGS</u>

1.  The claimant last met the insured status requirements of
    the Social Security Act on June 30, 2000.

2.  The claimant did not engage in substantial gainful
    activity during the period from his alleged onset date of
    June 19, 1998 through his date last insured of June 30,
    2000 (20 C.F.R. §§ 404.1520(b) and 404.1571 *et seq.*)

CIVIL NO. 05-2270 (JP)            -4-

3.   For the period at issue, the claimant had the following
     severe impairments: disorders of the back and affective
     disorders (20 C.F.R. §§ 404.1520(c)).

4.   For the period at issue, the claimant did not have an
     impairment or combination of impairments that met or
     medically equaled one of the listed impairments in
     20  C.F.R.  Part  404,  Subpart  P,  Appendix  1
     (20 C.F.R. 404.1520(d), 404.1525, and 404.1526).

5.   After careful consideration of the entire record, the ALJ
     found that from the alleged onset date of disability
     through the date last insured, the claimant had the
     residual functional capacity to perform the exertional
     demands of light work.  Light work involves lifting no
     more than 20 pounds at a time with frequent lifting or
     carrying of objects weighing up to ten pounds.  Even
     though the weight lifted may be very little, a job is in
     this category when it requires a good deal of walking or
     standing, or when it involves sitting most of the time
     with some pushing and pulling of arm and leg controls.  To
     be considered capable of performing a full or wide range
     of light work, an individual must have the ability to do
     substantially all of these activities.  If someone can do
     light work, the ALJ determines that he can also do
     sedentary work, unless there are additional limiting

CIVIL NO. 05-2270 (JP)                -5-

factors such as loss of dexterity or inability to sit for long periods.  In addition, due to his mental condition, the claimant could perform on a sustained basis, unskilled type of work.  He could understand, remember and carry out simple and short instructions, use judgment in simple work related situations, deal with changes in a routine work setting, tolerate criticism and normal work production stress and meet regular attendance and production schedules.

6.   For the period at issue, the claimant was unable to perform past relevant work (20 C.F.R. § 404.1565).

7.   The claimant was born on February 11, 1954 and was 43 years old at the established onset date of disability and 46 at the date of last insured, which is defined as a younger individual (20 C.F.R. § 404.1563).

8.   The claimant has at least a high school education and is not able to communicate in English (20 C.F.R. § 404.1564).

9.   Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41; 20 C.F.R. Part 404, Subpart P, Appendix 2).

CIVIL NO. 05-2270 (JP)            -6-

> 10. For the period at issue, considering the claimant's age, education, work experience, and residual functional capacity, there were jobs that existed in significant numbers in the national economy that the claimant could have performed (20 C.F.R. §§ 404.1560(c) and 404.1566).

> 11. The claimant was not under a "disability," as defined in the Social Security Act, at any time from June 19, 1998, the amended alleged onset date, through June 30, 2000, the date last insured (20 C.F.R. § 404.1520(g)).

## IV.   **ANALYSIS**

### A.   **Disability Defined (Qualifying Criteria)**

Title II of the Social Security Act, as amended, provides for the payment of insurance benefits to persons who have contributed to the program and who suffer from a physical or mental disability. 42 U.S.C. § 423(a)(1)(D).  The central question in cases of this sort is whether the claimant is "disabled" within the meaning of 42 U.S.C. § 423(d).   Sherwin v. Comm'r of Health and Human Servs., 685 F.2d 1, 2 (1st Cir. 1982).  That provision defines "disability" as:

> . . . inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment . . . [lasting at least a year and] of such severity that [the claimant] . . . is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists

CIVIL NO. 05-2270 (JP)              -7-

> in the immediate area in which he lives . . . or whether
> he would be hired if he applied for work.

42 U.S.C. § 423(d).

It is well established that when applying this statutory standard the Plaintiff has the initial burden of showing a disability serious enough to prevent him from working at his former job.  If the claimant makes out this prima facie case of disability, the burden then shifts to the Commissioner to show the existence of other jobs in the national economy that the claimant nonetheless can perform. Ortiz v. Sec'y of Health and Human Servs, 890 F.2d 520, 524 (1st Cir. 1989) (per curiam); Torres v. Sec'y of Health and Human Servs, 677 F.2d 167, 168 (1st Cir. 1982).

The Commissioner has established a five-step process for determining whether an individual is disabled.  See 20 C.F.R. § 404.1520.  The first three steps are threshold determinations.  At steps one and two the court considers: (1) whether a claimant is working in a substantially gainful activity ("SGA"); and (2) whether the claimant has an impairment.  If the claimant is unemployed and has an impairment, the Court considers at step three whether the impairment is found explicitly or is equal to one found in Appendix 1 of the regulations governing disability.  If so, the claimant is considered disabled.

If the impairment is not listed or equal to an impairment listed in Appendix 1 of the regulations, the decision maker proceeds to step

CIVIL NO. 05-2270 (JP)          -8-

four, and determines whether the claimant is able to perform work in his or her past, relevant occupational field.  If this is not the case, the ALJ must then determine at step five whether the claimant can perform a substantially gainful activity in the national economy. See 20 C.F.R. § 404.1520; Forney v. Apfel, 524 U.S. 266, 268 (1998); Goodermote v. Sec'y of Health and Human Servs., 690 F.2d 5, 7 (1st Cir. 1982).

### B.   Court's Analysis

The Court disagrees with the ALJ's assessment because he failed to adequately support, with substantial evidence, his conclusion that Plaintiff's subjective symptom testimony was not credible.  The Court agrees with the ALJ's assessment in regard to all other findings as they are supported by substantial evidence on the record.

#### 1.   *Working in Substantially Gainful Activity*

The ALJ found that Plaintiff had not engaged in substantial gainful activity from June 19, 1998 (the alleged onset date of his disability) until June 30, 2000 (the date Plaintiff was last eligible for DIB).  20 C.F.R. §§ 404.1520(b), 404.1571 *et seq.*  This finding is supported by memoranda submitted by both parties as well as Plaintiff's own testimony (Tr. 421, 434).

#### 2.   *Existence of Severe Impairment*

The ALJ found that Plaintiff suffered from the following severe impairments (conditions that have more than a minimal effect on the claimant's ability to perform basic work-related activities):

CIVIL NO. 05-2270 (JP)                -9-

disorders of the back and affective disorders.  20 C.F.R. § 404.1520(c).  This finding is not challenged by either party and nearly every medical report in the record supports this conclusion. As such, the ALJ's finding that Plaintiff suffers from severe impairments is supported by substantial evidence.

### 3.   Whether Impairments Rise to Level of Disability

If the ALJ determines that the claimant's impairment or combination of impairments meets or medically equals the criteria of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 and meets the duration requirement, then the claimant is disabled. 20 C.F.R. § 404.1509.  If the impairment(s) do not rise to this level, then the analysis proceeds to step four.

In this case, the ALJ properly concluded that Claimant did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments for the period at issue.  20 C.F.R. §§ 404.1520(d), 404.1525, and 404.1526.  Because this element is not in dispute, the Court will move on to consider the fourth step of the analysis.

### 4.   Ability to Perform Past Relevant Work

Before deciding whether the claimant is able to perform his past relevant work, the ALJ must determine the claimant's residual functional capacity ("RFC").  RFC is the claimant's ability to do physical and mental work activities on a sustained basis despite limitations from his impairments.  20 C.F.R. § 404.1520(e).

CIVIL NO. 05-2270 (JP)          -10-

After determining an individual's RFC, the ALJ concludes whether the claimant is able to perform his past relevant work.  If the claimant is able to do his past relevant work, then he is not disabled.  If the claimant is not able to do his past relevant work, then the analysis proceeds to the final step.

### (i) Residual Functioning Capacity ("RFC")

When determining a claimant's RFC, the ALJ must consider objective medical evidence and other evidence.  20 C.F.R. §§ 404.1529(a), 416.929(a).  Objective medical evidence consists of medical signs and laboratory findings, while other evidence includes statements or reports from the claimant, the claimant's treating or examining physician or psychologist, and others regarding the claimant's medical history, daily activities, prescribed treatment, or any other evidence showing how the claimant's impairment(s) and symptoms affect the claimant's ability to work.  Id.

The ALJ must examine the record as a whole and resolve issues of credibility, draw inferences from the record, and resolve conflicts in the evidence.  Irlanda Ortiz v. Sec'y of Health and Human Servs., 955 F.2d 765, 769 (1st Cir. 1991).  The Social Security Disability Benefits Reform Act determines the proper legal standard for evaluating subjective complaints of pain.  Social Security Disability Benefits Reform Act of 1984, P.L. 98-460, 98 Stat. 1794. The Act requires that first there be ". . . a clinically determinable medical impairment that can reasonably be expected to produce the

CIVIL NO. 05-2270 (JP)          -11-

pain alleged." <u>Avery v. Sec'y of Health and Human Servs.</u>, 797 F.2d 19, 21 (1st Cir. 1986). Once this is established, "other evidence including statements of the claimant or his doctor, consistent with the medical findings, shall be part of the calculus." <u>Id.</u>; 42 U.S.C. § 423(d)(5)(A). Other courts have similarly read the Act. <u>See</u> <u>Avery</u>, 797 F.2d at 21 n.3 (collecting cases).

An ALJ is free to determine that a claimant's allegations of pain and exertional limitations are not credible; however, he "must make specific findings as to the relevant evidence he considered in determining to disbelieve the appellant." <u>Da Rosa v. Sec'y of Health and Human Servs.</u>, 803 F.2d 24, 26 (1st Cir. 1986). Moreover, "in assessing the credibility of a claimant's asserted subjective symptoms, the ALJ must consider a series of factors" commonly known as the <u>Avery</u> factors. <u>Kratman v. Barnhart,</u> 436 F. Supp. 2d 300, 308 (D. Mass. 2006) (citing <u>Avery v. Sec'y of Health and Human Servs.</u>, 797 F.2d 19, 23 (1st Cir. 1986)). These factors include: (1) the individual's daily activities; (2) the location, duration, frequency, and intensity of the individual's pain or other symptoms; (3) factors that precipitate and aggravate the symptoms; (4) the type, dosage, effectiveness, and side effects of any medication the individual takes or has taken to alleviate the pain or other symptoms; (5) treatment, other than medication, the individual receives or has received for relief of pain or other symptoms; (6) any measures other than treatment the individual uses or has used

CIVIL NO. 05-2270 (JP)          -12-

to relieve pain or other symptoms; and (7) any other factors concerning the individual's functional limitations and restrictions due to pain or other symptoms.   Id.

In this case, the ALJ concluded that from June 19, 1998 to June 30, 2000, the claimant had the RFC to perform unskilled light work. In order to arrive at this conclusion, the ALJ discounted Plaintiff's subjective symptom testimony finding that:

> . . . the claimant's medically determinable impairments could have been reasonably expected to produce the alleged symptoms, but that the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible.

(Tr. 422.)  The ALJ failed to support this conclusion with any examples, general or specific, and did not provide any discussion of the Avery factors.  As such, the ALJ's determination that Plaintiff maintained a RFC for light work was not supported by substantial evidence.

### (ii) Past Relevant Work

In Plaintiff's past relevant work as a farm worker, truck driver, and bulldozer operator, he was required to perform medium to heavy levels of physical exertion as well as unskilled to skilled work functions (Tr. 434, 424).  The ALJ properly concluded that, because these functions require a greater capacity than Plaintiff's established RFC for "light work," Plaintiff was unable to perform his past relevant work.  However, because the determination of

CIVIL NO. 05-2270 (JP)          -13-

Plaintiff's RFC was not supported by substantial evidence, this conclusion must be reevaluated.

### 5. Ability to Perform Other Substantially Gainful Activity in the Nation's Economy

At the last step of the analysis, the ALJ must determine whether the claimant is able to do any other work existing in the national economy considering his RFC, age, education, and work experience. If the claimant is able to do other work, he is not disabled.  If the claimant is not able to do other work and meets the duration requirement, he is disabled.  20 C.F.R. § 404.1520(g).  In order to support a finding that an individual is not disabled at this step, the Social Security Administration must provide evidence that demonstrates that other work exists in significant numbers in the national economy that the claimant can do, given his or her RFC, age, education and work experience.   20 C.F.R. §§ 404.1512(g), 404.1560(c).

In this case, the ALJ found that Plaintiff was capable of making a successful adjustment to other work that existed in significant numbers in the national economy.  The ALJ based this conclusion on the VE's testimony, and the VE based his assessment on the unresolved assumption that Plaintiff has an RFC for light work (Tr. 425, 434-436).

Because the ALJ erred in his analysis of the factors relating to Plaintiff's ability to do light work, the ALJ erred in his

CIVIL NO. 05-2270 (JP)          -14-

analysis of Plaintiff's ability to perform work in the national economy. This assessment must be revisited after a proper RFC determination has been reached.

**V.     CONCLUSION**

     The determination of what credibility is afforded to Plaintiff's allegations regarding his limitations and pain, and the explanation for such determination, is of particular importance in this case. The VE's testimony indicated that if the Plaintiff's allegations as to pain and other limitations are accorded full credibility, then Plaintiff would be unable to perform any type of work in the national economy (Tr. 436). Such a finding could result in a disability determination.

     With these considerations in mind, the Court remands with instructions to more fully develop and consider Plaintiff's subjective symptom testimony and resolve conflicts in the evidence. The ALJ is still free to find that Plaintiff's testimony regarding his pain and exertional limitations is not credible. See Gray v. Heckler, 760 F.2d 369, 374 (1st Cir. 1985). "This result, however, must be supported by substantial evidence and the ALJ must make specific findings as to the relevant evidence he considered in determining to disbelieve Plaintiff." Da Rosa, 803 F.2d at 26 (citing Benko v. Schweiker, 551 F. Supp. 698, 704 (D.N.H. 1982)); Rohrberg v. Apfel, 26 F. Supp. 2d 303, 309 (D. Mass 1998).

CIVIL NO. 05-2270 (JP)          -15-

The Court hereby **VACATES** the determination of the Commissioner and **REMANDS** the case for further proceedings consistent with this opinion.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 26th day of August, 2010.


                                    s/Jaime Pieras, Jr.
                                    JAIME PIERAS, JR.
                              U.S. SENIOR DISTRICT JUDGE